FILED
 2008 Mar-27  PM 04:49
 U.S. DISTRICT COURT
     N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| **ALLINE HARRIS,** | ) |
| **Plaintiff,** | ) |
| vs. | )   CV 05-B-0462-W |
| **MICHAEL J ASTRUE,** **Commissioner of Social Security,** | ) |
| **Defendant.** | ) |

## MEMORANDUM OPINION

Plaintiff Alline Harris brings this action pursuant to 42 U.S.C. § 405(g), seeking review of the decision of the Commissioner of Social Security to deny her application for supplemental security income.  Upon review of the record, the submissions of the Commissioner,[1] and the relevant law, the court is of the opinion that the Commissioner's decision is due to be reversed and remanded.

## I. STANDARD OF REVIEW

ln reviewing claims brought under the Social Security Act, this court is limited to determining whether the Commissioner's factual findings are supported by substantial evidence and whether she applied the correct legal standards.  *Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988), *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986).  Substantial evidence is "more than a scintilla, but less than a preponderance.  It is such relevant evidence

---

[1] According the record, plaintiff did not file a brief in support of her claim.  The court also notes that no briefing schedule was entered after defendant filed her Answer.

as a reasonable person would accept as adequate to support a conclusion." *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)(citations omitted). This court may not reweigh the evidence or substitute its own judgment for that of the Commissioner. *Id*. Even if it finds the evidence preponderates against the Commissioner's decision, this court must affirm if the decision is supported by substantial evidence. *Id.* Despite this deferential standard, this court must consider the record in its entirety and take into account evidence that is both favorable and unfavorable to the Commissioner's decision. *Lamb,* 847 F.2d at 701, *Chester*, 792 F.2d at 131. No presumption of correctness attaches to the legal standards applied by the Commissioner. *Bridges v. Bowen*, 815 F.2d 622, 624 (11th Cir. 1987).

## II. DISCUSSION

At the time of the hearing before the Administrative Law Judge ["ALJ"], plaintiff was 46 years old and had an eighth-grade education. (R. 16.) She had past relevant work experience as a shearer, a laborer at a sewing factory, and a fast food cashier. (*Id*.) She alleged that she became disabled on January 15, 2002, due to abdominal pain. She last worked in the late 1990's. (R. 206.)

The ALJ found that plaintiff had the following severe impairments – "ovarian cysts, depression, and lower back pain, and possible borderline intellectual functioning." (R. 31.) He determined that plaintiff has the residual functional capacity to perform light, unskilled work. (R. 21.) Therefore, he found plaintiff was capable of returning to her past relevant work as a fast food cashier and, thus, not disabled. (*Id*.)

Plaintiff was examined by James R. Saxon, M.D. Dr. Saxon completed a Medical Source Opinion (Physical) statement, in which he found that plaintiff could sit for 30 minutes at a time and 4 hours total in an 8 hour work day, and that she could stand or walk for 45 minutes at a time and 5 hours total in an eight-hour day. (R. 192.) "Since frequent lifting or carrying requires being on one's feet up to two-thirds of a workday, the full range of light work requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday." Titles II and XVI: Determining Capability to Do Other Work – The Medical-Vocational Rules of Appendix 2, SSR 83-10, 1983 WL 31251, *6; *see also Freeman v. Barnhart*, No. 06-15604, 2007 WL 861140, *1 -2 (11th Cir. Mar. 23, 2007)(citing *Walker v. Bowen*, 826 F.2d 996, 1000 (11th Cir. 1987) and quoting SSR 83-10) [UNPUBLISHED]. Therefore, according to Dr. Saxon's Medical Source Opinion statement, plaintiff was not capable of performing a full range of light work because she cannot stand for 6 hours in an 8 hour day.[2] However, the ALJ stated that Dr. Saxon was of the opinion that plaintiff could perform light work. (R. 21.)

Dr. Saxon's Medical Source Opinion is the only medical evidence in the record concerning the effect of plaintiff's severe impairments on her ability to work; an erroneous interpretation of that statement will not support the ALJ's determination of plaintiff's residual functional capacity. Therefore, the court finds that this case is due to be reversed

---

[2] Pursuant to Dr. Saxon's Medical Source Opinion statement, plaintiff may be capable of performing sedentary work with a sit/stand option.

3

and remanded to the Commissioner for further proceedings including, but not limited to, a re-determination of plaintiff's residual functional capacity and reevaluation of her ability to perform her past relevant work.

### III. CONCLUSION

For the reasons set forth above, the decision of the Commissioner is due to be reversed and remanded. An Order reversing the decision of the Commissioner and remanding this matter for further proceedings will be entered contemporaneously with this Memorandum Opinion.

**DONE**, this the 27th day of March, 2008.

*Sharon Lovelace Blackburn*
SHARON LOVELACE BLACKBURN
CHIEF UNITED STATES DISTRICT JUDGE